FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA
2026 SEP 30 A 10:40
BY: DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | |
|---|---|
| IN RE:<br><br>TAMERLANE TIMUR BEY, II,<br><br>**Debtor(s).** | CASE NO. 26-62896-LRC<br>CHAPTER 7 |
| 2018-4 IH BORROWER LP,<br><br>**Movant,**<br><br>v.<br><br>Tamerlane Timur Bey, II, Debtor(s),<br>Office of the United States Trustee, Trustee[1]<br><br>**Respondents.** | Judge Ritchey Craig |

## EMERGENCY MOTION FOR STAY PENDING APPEAL PURSUANT TO FED. R. BANKR. P. 8007

**COMES NOW Tamerlane Timur Bey, II ("Debtor"), appearing pro se, and respectfully moves this Court pursuant to Federal Rule of Bankruptcy Procedure 8007 for an emergency stay pending appeal of the Court's September 29, 2026 Order entered at Docket No. 13. In support of this Emergency Motion, Debtor respectfully shows the Court as follows:**

1. **On September 25, 2026, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.**

2. **The underlying dispute concerns residential property located at 172 North Mill Road, Atlanta, Georgia 30328.**

3. **Prior to the bankruptcy filing, a dispossessory proceeding was pending in the Magistrate Court of Fulton County, Georgia, Case No. 26ED392744.**

4. **Debtor has disputed the monetary amount asserted by Movant and has pursued relief and review in the state-court proceedings.**

5. **On September 16, 2026, a writ of possession was issued in the state-court matter.**

6. **On September 29, 2026, this Court entered an Order at Docket No. 13 addressing the applicability of the automatic stay.**

7. **Debtor has timely sought review of that Order and files this Emergency Motion pursuant to Federal Rule of Bankruptcy Procedure 8007.**

8. **Rule 8007(a)(1) permits a party to seek a stay of a bankruptcy court judgment, order, or decree pending appeal, and Rule 8007(a)(2) permits the motion to be filed before or after the notice of appeal.**

9. **Immediate relief is necessary because enforcement of the writ of possession may result in the loss of Debtor's residence before meaningful appellate review can occur.**

10. **If possession is surrendered before appellate review, the harm to Debtor may be immediate and difficult or impossible to remedy after the fact.**

11. **Debtor has raised substantial legal and factual issues concerning the application of 11 U.S.C. §§ 362(b)(22) and 362(l), the Form 101A certification, the underlying monetary dispute, and the state-court proceedings.**

12. **Debtor has also taken corrective action concerning the bankruptcy filing and continues to pursue the underlying dispute through the state-court appellate process.**

13. **A temporary stay would preserve the status quo while the appellate court considers the issues presented.**

14. **The requested stay would not finally determine the parties' respective rights. It would merely preserve the property and status quo long enough for judicial review to occur.**

15. **Debtor respectfully submits that the equities favor maintaining the status quo while the appeal is considered.**

16. **Debtor is prepared to comply with any reasonable conditions, security, or other requirements the Court determines appropriate.**

**WHEREFORE, Debtor respectfully requests that the Court and prays for the following relief:**

**A. Enter an emergency stay of the September 29, 2026 Order entered at Docket No. 13 pending appeal;**

**B. Stay enforcement of the prepetition writ of possession to the extent necessary to preserve the status quo pending appellate review;**

**C. Set this Motion for an expedited hearing;**

**D. Grant such other and further relief as the Court deems just and proper.**

**Respectfully submitted this 30th day of September 2026.**

Respectfully submitted, this Wednesday September 30th, 2026.

| | |
|---|---|
| TAMERLANE TIMUR BEY, II<br>172 North Mill Road<br>Sandy Springs, Georgia 30328<br>tbeyii@gmail.com | /s/ Tamerlane T Bey II<br>TAMERLANE T. BEY II<br>DEBTOR |